**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DENIS IURIEVICH ANDREICHENKO,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, *et al*.,<br>Respondents. | Case No. 5:26-cv-04015-DMK<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241** |

Petitioner is a national and citizen of Russia. ECF 1-2 at 1. On or about January 4, 2023, Petitioner entered the United States at or near San Luis, Arizona. *Id.* Three years later, in June 2026, he was arrested by immigration authorities. ECF 1 at ¶ 47. Petitioner has remained in detention since that time. *Id.* at ¶ 2.

On July 24, 2026, after Petitioner requested a custody redetermination hearing, an Immigration Judge denied Petitioner release on bond based on lack of jurisdiction, pursuant to *Matter of Q. Li*, 29 I&N Dec. 66 (BIA 2025). ECF 11-1 at 1.

Through the instant petition, Petitioner seeks habeas relief under 28 U.S.C. § 2241, alleging he has been unlawfully denied a bond hearing, and has thus suffered a violation of his right to procedural due process. *See generally*, ECF 1. Respondents assert that Petitioner "appears to be a member of the Bond Eligible

Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025),"[1] and thus contend that "[t]o the extent Petitioner would be entitled to any remedy via the Petition, at most it would be ordering a bond hearing to be held before an Immigration Judge under Section 1226(a)." ECF 10 at 2. As a result, it appears that Respondents do not oppose the petition insofar as it seeks an individualized custody determination under 8 U.S.C. § 1226(a).

In view of Respondents' position that Petitioner is eligible for an individualized bond hearing under § 1226(a), the Court sees no compelling reason not to grant that relief consistent with other cases in which Respondents have taken a similar stance. *See, e.g., Aguilar v. Janecka*, No. 5:26-cv-00602-SSS, 2026 WL 579157, at *1 (C.D. Cal. Mar. 2, 2026) (granting petition and ordering § 1226(a) bond hearing where "Respondents concede[d] that Petitioner is a class member entitled to a bond hearing under the reasoning of *Maldonado Bautista*"). Accordingly, the petition is GRANTED with that understanding.

No later than 10 days after entry of judgment, Petitioner must be provided an individualized bond hearing under 8 U.S.C. § 1226(a). At such hearing, the immigration judge must exercise his discretion to make an individualized determination whether Petitioner should be detained pending removal proceedings based on all relevant facts—including criminal history, immigration history, manner of entry, length of residence, family ties, employment, community connections, compliance with prior orders, and eligibility for relief from removal.

//

---

[1] On July 30, 2026, the Ninth Circuit issued its opinion in *Vazquez v. Bostock*, F4th , 2026 U.S. App. LEXIS 22798, 2026 WL 2196424 (9th Cir. 2026), upholding the reasoning and conclusion of the judgment in *Maldonado Bautista*.

*See Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). Judgment on the petition will be entered accordingly.

IT IS SO ORDERED.

DATED: August 26, 2026

HON. DIANA M. KWOK
UNITED STATES MAGISTRATE JUDGE